983 F.2d 1068
 16 Employee Benefits Cas. 1542
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jerry D. RYAN, et al, Plaintiffs-Appellants,
v.
CHRYSLER MOTORS CORPORATION, et al., Defendants-Appellees.
 No. 92-3183.
 United States Court of Appeals, Sixth Circuit.
 Jan. 6, 1993.
 
 Before RALPH B. GUY and ALAN E. NORRIS, Circuit Judges, and JOAN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This is an ERISA action alleging a violation of 29 U.S.C. § 1025(c).[1] Plaintiffs sought an order compelling Chrysler "to inform Plaintiffs of the amount of their accrued and/or vested benefits under the Chrysler Pension Plan." (App. 20). The district court granted Chrysler's motion for summary judgment.
 
 
 2
 Upon review, we affirm on the basis of Magistrate Judge Carr's written opinion.[2] We write briefly only for additional clarification.
 
 
 3
 Plaintiffs are present or former employees of a Chrysler subsidiary--Amplex Corporation. As such, they are all members of the Chrysler pension plan which is a non-contributory, defined benefit plan. On November 28, 1988, Amplex was sold in its entirety to ICM Industries, Inc. The plaintiffs continued their employment under ICM ownership and were informed at the time of the sale that the service with ICM would continue to count for pension vesting and eligibility purposes with Chrysler. Notwithstanding this fact, plaintiffs filed this lawsuit and claimed that Chrysler "terminated the services of Plaintiffs by selling, the Van Wert-Amplex plant to ICM Industries, Inc." (App. 20).
 
 
 4
 Plaintiffs further claim that the alleged terminations triggered the notice requirements of 29 U.S.C. § 1025(c), and that Chrysler has failed to comply with such notice requirements. Section 1025(c) reads:
 
 
 5
 (c) Individual statement furnished by administrator to participants setting forth information in administrator's Internal Revenue registration statement
 
 
 6
 Each administrator required to register under section 6057 of Title 26 shall, before the expiration of the time prescribed for such registration, furnish to each participant described in subsection (a)(2)(C) of such section, an individual statement setting forth the information with respect to such participant required to be contained in the registration statement required by section 6057(a)(2) of Title 26. Such statement shall also include a notice to the participant of any benefits which are forfeitable if the participant dies before a certain date.
 
 
 7
 Section 6057 of Title 26 referenced in section 1025(c) reads in relevant part:
 
 
 8
 § 6057. Annual registration, etc.
 
 
 9
 (a) Annual registration.--
 
 
 10
 (1) General rule.--Within such period after the end of a plan year as the Secretary may by regulations prescribe, the plan administrator (within the meaning of section 414(g) of each plan to which the vesting standards of section 203 of part 2 of subtitle B of title 1 of the Employee Retirement Income Security Act of 1974 applies for such plan year shall file a registration statement with the Secretary.
 
 
 11
 (2) Contents.--The registration statement required by paragraph (1) shall set forth--
 
 
 12
 ....
 
 
 13
 (C) the name and taxpayer identifying number of each participant in the plan--
 
 
 14
 (i) who, during such plan year, separated from the service covered by the plan,
 
 
 15
 (ii) who is entitled to a deferred vested benefit under the plan as of the end of such plan year, and
 
 
 16
 (iii) with respect to whom retirement benefits were not paid under the plan during such plan year.
 
 Section 6057 goes on to state:
 
 17
 (e) Individual statement to participant.--Each plan administrator required to file a registration statement under subsection (a) shall, before the expiration of the time prescribed for the filing of such registration statement, also furnish to each participant described in subsection (a)(2)(C) an individual statement setting forth the information with respect to such participant required to be contained in such registration statement. Such statement shall also include a notice to the participant of any benefits which are forfeitable if the participant dies before a certain date.
 
 
 18
 The literal impact of the quoted sections as applicable here makes it clear that the requirements of individual notice do not come into play unless one or more persons have been "separated from the service covered by the plan."
 
 
 19
 The magistrate judge concluded that since these plaintiffs are still covered by the Chrysler plan, they have not been separated from service covered by the plan. This conclusion seems eminently sensible to us.
 
 
 20
 We also note that the very information sought by plaintiffs in their lawsuit is theirs for the asking on an annual basis. Sections 1025(a) and (b) of Title 29 provide:
 
 
 21
 § 1025. Reporting of participant's benefit rights
 
 
 22
 (a) Statement furnished by administrator to participants and beneficiaries
 
 
 23
 Each administrator of an employee pension benefit plan shall furnish to any plan participant or beneficiary who so requests in writing, a statement indicating, on the basis of the latest available information--
 
 
 24
 (1) the total benefits accrued, and
 
 
 25
 (2) the nonforfeitable pension benefits, if any, which have accrued, or the earliest date on which benefits will become nonforfeitable.
 
 
 26
 (b) One-per-year limit on reports
 
 
 27
 In no case shall a participant or beneficiary be entitled under this section to receive more than one report described in subsection (a) of this section during any one 12 month period.
 
 
 28
 In addition to seeking an order compelling pension information, plaintiffs also sought $2,500,000 in damages for infliction of emotional distress allegedly resulting from Chrysler's failure to supply them with pension information. This count, being derivative, also was correctly dismissed by the magistrate judge.
 
 
 29
 AFFIRMED.
 
 
 
 [1]
 Plaintiffs also brought pendent state claims which were dismissed without prejudice when the basis for federal jurisdiction was eliminated
 
 
 [2]
 By consent of the parties, this case was transferred to Magistrate Judge Carr for final disposition. (App. 8)